**Affirmed, as Modified, in Part, Reversed and Remanded, in Part, and Majority and Dissenting Opinions filed March 4, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00039-CR

---

### JAMES MUSGROVE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 68992**

---

## D I S S E N T I N G   O P I N I O N

This court should modify the trial court's judgment to reflect that appellant's conviction for attempt to commit escape is a second-degree felony and affirm the judgment as modified. Under his second issue, appellant asserts that he was convicted of attempt to commit the third-degree felony of escape, which is a state-jail felony rather than the third-degree felony reflected in the trial court's judgment. Appellant's punishment for the attempt-to-commit-escape offense was

assessed at ten years' confinement. Because the maximum punishment for a state-jail felony is two years' confinement, appellant argues that his sentence is outside the statutory range of punishment and therefore void and illegal. This court agrees, reverses appellant's sentence as to this offense, and remands for a new punishment hearing.[1]

Appellant does not assert that the evidence is legally insufficient to support any of his convictions. If appellant had challenged the legal sufficiency of the evidence supporting his conviction for attempt to commit escape, this court would consider all the evidence in the light most favorable to the jury's verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013). The essential elements of the offense would be those of a hypothetically correct jury charge: "'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id*. at 889 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

If this court would use the *Malik* standard to determine the elements of appellant's offense in assessing the sufficiency of the evidence to support his conviction, this court likewise should use the *Malik* standard in determining the

---

[1] In his second issue, appellant also asserts that this court should correct a clerical error in the trial court's judgment, namely the reflection that appellant's two convictions for assault on a public officer are second-degree felonies rather than third-degree felonies. In his first issue, appellant asserts that the trial court violated his right to a fair trial by taking several actions. The majority is correct to overrule appellant's first issue and to sustain appellant's second issue as to his convictions for assault on a public officer.

elements of appellant's offense in assessing the offense level of his conviction for attempt to commit escape.

A person commits the offense of escape if he escapes from custody when he is under arrest for, lawfully detained for, charged with, or convicted of an offense. Tex. Penal Code § 38.06(a)(1) (West 2014). Escape is a first-degree felony if, to effect his escape, the actor "uses or threatens to use a deadly weapon." *Id.* § 38.06(e). Escape is a third-degree felony if the actor "is under arrest for, charged with, or convicted of a felony." *Id.* § 38.06(c).

A person commits the offense of attempted escape if, with specific intent to commit the offense of escape, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense of escape. *Id.* § 15.01(a). If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt. *Id.* § 15.01(b). An attempt offense is one offense category lower than the offense attempted, and if the offense attempted is state jail felony, the attempt offense is a Class A misdemeanor. *Id.* § 15.01(d).

In the third count of the indictment, appellant was charged with the following offense:

> . . . that **JAMES MUSGROVE** . . . did then and there, with the specific intent to commit the offense of escape from the custody of [two correctional officers], do an act, to-wit: tried to gain control of a firearm which was in the possession of [one of the officers], which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

A firearm is, per se, a deadly weapon. *See id.* § 1.07(a)(17)(A) (West 2014); *Simpson v. State*, 227 S.W.3d 855, 861 (Tex. App.—Houston [14th Dist.] 2007, no

3

pet.). If, as alleged, appellant tried to gain control of a firearm, then appellant threatened to use a deadly weapon. *See* Tex. Penal Code §§ 38.06(a),(e). Thus, under this count, appellant was charged with attempt to commit the first-degree felony of escape. *See* Tex. Penal Code §§ 38.06(a),(e); 15.01(a),(b), (d). The jury found appellant guilty as charged in this count of the indictment.

Under a hypothetically correct jury charge, the jury would have been asked whether appellant committed the offense of attempt to commit the first-degree felony of escape. Therefore, as requested by the State, this court should overrule the second issue as to the offense of attempt to commit escape, modify the trial court's judgment to reflect that appellant's two convictions for assault on a public officer are third-degree felonies and his conviction for attempt to commit escape is a second-degree felony, and affirm the judgment as modified.[2] Because the court reverses the judgment as to the conviction for attempt to commit escape and remands for a new punishment hearing, I respectfully dissent.

/s/     Kem Thompson Frost
          Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison. (Jamison, J., majority)
Publish — TEX. R. APP. P. 47.2(b).

---

[2] In his third issue, appellant asserts that his sentence for attempted escape was improperly enhanced by the same prior conviction that was used as an essential element of the charged offense. Presuming error as to the third issue, appellant suffered no harm because he was convicted of a second-degree felony.